Mack Ellison et al. v. Mary Frances Yancey, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-193-CV

     MACK ELLISON
     AND LAVETTA ELLISON,
                                                                              Appellants
     v.

     MARY FRANCES YANCEY,
     TRUSTEE, ET AL.,
                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 39658
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellants Mack and Lavetta Ellison have filed a motion to dismiss their appeal. They state
that the parties have settled all matters in controversy.
      Rule of Appellate Procedure 42.1(a)(1) provides:
(a) The appellate court may dispose of an appeal as follows:
 
(1) On Motion of Appellant. In accordance with a motion of appellant, the
court may dismiss the appeal or affirm the appealed judgment or order unless
such disposition would prevent a party from seeking relief to which it would
otherwise be entitled. 
Tex. R. App. P. 42.1(a)(1).
      The Ellisons’ dismissal motion satisfies the requirements of the appellate rules. Appellees
have not filed a response. Accordingly, we dismiss the appeal with costs to be taxed against the
Ellisons. See id. 42.1(d).

                                                                   PER CURIAM

Before Justice Vance,
      Justice Gray, and
      Justice Hill (Sitting by Assignment)
Appeal dismissed
Opinion delivered and filed August 13, 2003
[CV06]



/span>


 or will we follow the road with a single court, whose only case on the issue
has a subsequent history of dubious value.



      I would take the more frequently traveled road and follow the majority of published
decisions, not just because there are more of them, but also because they have the better
reasoned analysis. There is no need for me to repeat that analysis here. I recognize that in
life, it is frequently refreshing to get off the interstate highway and tour scenic back roads. 
That is fine for automobile travel. But this is not automobile travel. This is the law. We
should use our published decisions to bring stability and predictability to the law. It may not
be glamorous, innovative, or novel, but there is comfort for the litigant, and the trial court
judge, in knowing that the law will be the same if the case is tried and appealed to the Tenth
Court of Appeals, as it will be if it is tried and appealed to the Seventh Court of Appeals or the
First Court of Appeals, or, if they choose to follow the mainstream, any of the courts of
appeals that have not yet decided this issue for their district.
      Without discussion of a compelling reason to do so, the majority chooses to take the road
less traveled.


 I respectfully dissent.
 
                                                             TOM GRAY
                                                             Chief Justice

Dissenting opinion delivered and filed March 10, 2004